**Bobby D. WILLIAMS, Plaintiff–Appellant,**

v.

**Bobbie J. STITT; et al., Defendants–Appellees.**

No. 14-16929

United States Court of Appeals, Ninth Circuit.

Submitted October 17, 2016 * San Francisco, California

Filed October 20, 2016

William C. Herren, Attorney, Herren Law Office, Houston, TX, for Plaintiff–Appellant.

Bobbie J. Stitt, Pro Se.

Dana M. Andreoli, Edward Egan Smith, Attorneys, Steyer Lowenthal Boodrookas Alvarez & Smith LLP, San Francisco, CA, for Defendants–Appellees.

Before: HAWKINS, CALLAHAN, and HURWITZ, Circuit Judges.

MEMORANDUM **

Bobby D. Williams ("Williams") appeals the dismissal for failure to state a claim of his action to contest the Revocable Trust set up by his father Gomez Williams ("Gomez's Trust"). We affirm.

The district court correctly applied the 120–day statute of limitations in California Probate Code section 16061.8 to this ac-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

tion. Williams received written notice of the administration of Gomez's Trust on February 23, 2010, yet did not bring his action until February 19, 2014, almost four years later. See generally Bridgeman v. Allen, 219 Cal.App.4th 288, 161 Cal. Rptr.3d 657, 659–62 (2013) (affirming dismissal of a petition to contest trust amendments filed 133 days late).

Williams's argument that section 16061.8 applies only to contests where the trust contains a no contest clause fails because the plain language of the provision provides no such exception. See Straley v. Gamble, 217 Cal.App.4th 533, 158 Cal. Rptr.3d 484, 486–87 (2013).

Nor did the district court abuse its discretion in denying Williams leave to file a third amended complaint. The terms of Gomez's Trust permitted the addition of new property and, contrary to Williams's argument, California Probate Code section 15200(b) has no application to this case. Thus allowing a further amendment would have been futile.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.